*In re* DOREEN DRYJANSKI, Alleged to be a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Doreen Dryjanski, Respondent-Appellant).

Second District   No. 2—95—1362

Opinion filed July 24, 1996.

162

Teresa L. Berge, of Rockford, and William E. Coffin, John B. Lower, and Ellen Holden Clark, all of Chicago, all of Guardianship & Advocacy Commission, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Robert J. Biderman and Leslie Hairston, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, Doreen Dryjanski, appeals the order of the circuit court finding her to be a person subject to involuntary admission (405 ILCS 5/3—700, 3—811 (West 1994)) and committing her to the Elgin Mental Health Center for a period not to exceed 60 days. Respondent contends that (1) she was denied her statutory right to a jury trial; (2) she was denied a continuance to secure the testimony of a witness; (3) the State failed to prove by clear and convincing evidence that, because of her mental illness, she was reasonably expected to inflict serious physical harm upon herself or another in the near future; (4) the State failed to prove by clear and convincing evidence that, because of her mental illness, she was unable to provide for her basic physical needs so as to guard herself from serious harm; and (5) the State failed to prove that hospitalization was the least restrictive alternative. We reverse and remand because respondent was entitled to a jury trial.

On October 10, 1995, the State filed a petition for involuntary admission. In the petition, the State alleged that respondent was mentally ill and, because of her illness, she was reasonably expected to inflict harm upon herself or another. The State also alleged that, because of her illness, respondent was unable to care for her basic physical needs so as to guard herself from serious harm and that re-

spondent was in need of immediate hospitalization to prevent such harm.

Although this information is not a part of the record on appeal, it appears that the State had previously filed a petition for involuntary admission against respondent and that, on October 6, 1995, the trial court entered an order allowing the State to withdraw the petition with leave to file a new petition. On October 10, 1995, the State filed the petition related to this appeal. On October 13, 1995, a hearing was held in order to determine whether respondent should be involuntarily committed. We will recite only the facts from the hearing relevant to this appeal.

On October 13, 1995, respondent's case was called, and counsel for respondent and the State identified themselves for the record. Respondent's counsel then asked for a one-week continuance in order to contact a witness. The trial court denied the motion for a continuance. Immediately thereafter, respondent's counsel requested a jury trial. In denying the request for a jury trial, the trial court stated: "Your request for a jury trial was not made on a timely basis; we have already commenced with the hearing."

Respondent then moved for dismissal of the petition pursuant to section 3—610 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/3—610 (West 1994)). This motion was also denied. After respondent's counsel stated that he had not had time to prepare adequately for the hearing, the trial court ordered a one-week continuance to allow counsel time to prepare. However, respondent's counsel agreed to proceed with the testimony of Sergeant Morris Weinstein and Dr. Sayed Anwar. Sergeant Weinstein was then called as a witness and duly sworn.

Following Dr. Anwar's testimony, the trial court recessed the hearing, which resumed on October 20, 1995. At the conclusion of the hearing, the trial court found that respondent was a person subject to involuntary admission and that the Elgin Mental Health Center was the least restrictive environment for her. The trial court ordered respondent committed for a period not to exceed 60 days. Respondent filed a timely notice of appeal.

■ On appeal, respondent contends that she was denied her statutory right to a jury trial. Section 3—802 of the Mental Health Code (405 ILCS 5/3—802 (West 1994)) provides that "[t]he respondent is entitled to a jury on the question of whether he is subject to involuntary admission." In civil commitment proceedings, the respondent is guaranteed the right to a jury trial so long as one is requested. *In re Williams*, 151 Ill. App. 3d 911, 919 (1987). In regards to the form and timeliness of a jury demand, a statute governing the right to a jury

trial should be liberally construed in favor of granting the demand. *In re Williams*, 151 Ill. App. 3d at 919. Therefore, a timely demand for a jury trial, although made orally, can be granted. *In re Williams*, 151 Ill. App. 3d at 919.

■ In general, judicial proceedings held pursuant to the Mental Health Code are to be conducted in accordance with the Civil Practice Law (Code) (735 ILCS 5/2—101 *et seq.* (West 1994)). See 405 ILCS 5/6—100 (West 1994). However, the Mental Health Code takes precedence over the Civil Practice Law to the extent that the two are inconsistent. 405 ILCS 5/6—100 (West 1994). Section 2—1105(a) of the Code (735 ILCS 5/2—1105(a) (West 1994)) provides that, in order to avoid waiver of the right to a jury trial, a defendant must file a jury trial demand no later than the filing of his answer. Section 2—1105(a) of the Code should be liberally construed in favor of allowing a jury trial. *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1091 (1993).

■ In response to respondent's contention that the trial court improperly denied her demand for a jury trial, the State argues that respondent made an oral motion for a jury trial after the hearing had begun. Hence, the State concludes that respondent's motion did not comply with section 2—1105(a) of the Code. We disagree with the State's argument.

At the beginning of the proceeding on October 13, 1995, respondent moved for a continuance, and the trial court denied the motion. Immediately thereafter, respondent requested a jury trial. At that time, neither party had made an opening argument, and the first witness had not been called or duly sworn. Hence, the hearing had not yet commenced when respondent made the jury demand.

In addition, the State seems to suggest that respondent waived her right to a jury trial because the jury demand was made orally instead of being in writing and filed with the clerk of the court. Nothing in section 3—802 of the Mental Health Code requires that a jury demand be in writing. As previously stated, not only can an oral demand for a jury trial be granted, but a statute which controls the right to a jury trial should be liberally construed in favor of allowing a trial by jury. Accordingly, we conclude that respondent did not waive her right to a jury trial by failing to file her jury demand in writing.

In civil commitment proceedings, there is no provision requiring the respondent to file an answer to the petition. Further, respondent's first appearance before the trial court in this case was on the day the hearing was to take place. The State filed the petition on October 10, 1995, and respondent demanded a jury trial at the commencement of the proceeding on October 13, 1995. Thus, only a few days passed be-

tween the filing of the petition and the jury demand. Under the circumstances of this case, it was reasonable for respondent to request a jury trial immediately before the hearing commenced. We conclude that the jury demand was timely and that respondent was denied her statutory right to a jury trial. Because we have determined that respondent was entitled to a trial by jury, we will not address the other issues raised by respondent.

We reverse the judgment of the circuit court of Kane County and remand the cause for further proceedings consistent with the decision herein.

Reversed and remanded.

INGLIS and DOYLE, JJ., concur.