31 August 1999

Nos. 2--98--0887 & 2--98--0888 cons. 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 DAVID D., ) Appeal from the Circuit Court

             ) of Kane County.

Alleged to be a Person )

Subject to Involuntary  ) No. 98--MH--171

     Psychotropic Medication )

                                )

(The People of the State of )

Illinois, Petitioner-Appellee,      ) Honorable

v. David D., Respondent-        ) Karen Simpson,
 

Appellant).
                     )  Judge Presiding.

_________________________________________________________________

In re
 DAVID D., ) Appeal from the Circuit Court

             ) of Kane County.

Alleged to be a Person )

Subject to Involuntary  ) No. 98--MH--215

     Admission               )

                                )

(The People of the State of )

Illinois, Petitioner-Appellee,      ) Honorable

v.
 David D., Respondent-        ) Karen Simpson,

Appellant).                     )  Judge Presiding.

_________________________________________________________________

JUSTICE GALASSO delivered the opinion of the court:

Respondent, David D., appeals from orders of the circuit court finding him to be subject to involuntary commitment to the Elgin Mental Health Center (EMHC) and subject to the involuntary administration of psychotropic medication.  On the State's motion, this court consolidated the appeals.  The primary issue in each case is whether the trial court improperly denied respondent his right to a jury trial.  Respondent also contends that the order for involuntary commitment must be reversed because the State failed to establish that hospitalization was the least restrictive alternative available for respondent.

On June 12, 1998, the State's petition to administer psychotropic medication was called for hearing.  Respondent was not present but was represented by a public defender.  The public defender asked for and received a continuance because defendant was not present and had refused to speak with her.

The State later filed a petition for involuntary commitment. The trial court heard this petition on June 26, 1998.  Again, respondent was not present but was represented by a public defender.  The attorney stated that different public defenders had tried to speak with respondent three times, but he had refused to speak with them.  The public defender said that she had informed respondent that the hearing would go on in his absence.  The matter then proceeded as a bench trial.

Dr. Alesia Martin, a psychiatrist at EMHC, testified that respondent suffered from schizophrenia, paranoid type, a serious mental illness.  Respondent was paranoid and guarded and exhibited catatonic behavior, posturing, rigidity, and mutism.  Martin concluded that respondent would be unable to meet his basic needs.

Immediately thereafter, the court conducted a bench trial on the petition for psychotropic medication.  The parties stipulated to the testimony at the previous hearing.  Additional testimony tended to show that respondent would benefit from receiving psychotropic medication.  However, he refused to take it.  Martin concluded that respondent did not have the capacity to make a reasoned decision about, and could not understand the risks and benefits of, such medication.

The court granted both petitions.  Respondent filed timely notices of appeal.

In his initial briefs, respondent contended that the trial court erred by conducting bench trials on the two petitions where respondent did not explicitly waive jury trials.  The State responded that express waivers were not required and that respondent had to demand a jury in order to invoke the right.

In his reply brief, respondent acknowledges that a demand is necessary to invoke the statutory right to a jury trial in mental health cases.  Respondent argues that the trial court's orders must still be reversed because the record does not show that respondent was informed of his right to a jury trial and, therefore, the implicit waiver of that right by his attorney is invalid.

Generally, issues raised for the first time in a reply brief are waived.  177 Ill. 2d R. 341(g); see 
Neri v. J.I. Case Co.
, 207 Ill. App. 3d 409, 413-14 (1991).  However, because the involuntary administration of mental health treatment represents a substantial deprivation of an individual's liberty interests (
In re C.E.
, 161 Ill. 2d 200, 213 (1994)), we will consider respondent's argument.

Section 3--802 of the Mental Health and Developmental Disabilities Code (the Code) provides as follows:

"The respondent is entitled to a jury on the question of whether he is subject to involuntary admission.  The jury shall consist of 6 persons to be chosen in the same manner as are jurors in other civil proceedings."  405 ILCS 5/3--802 (West 1996).

Section 2--107.1 of the Code makes this provision applicable to proceedings for the involuntary administration of psychotropic drugs.  405 ILCS 5/2--107.1(3) (West 1996).

In 
People v. Studdard
, 51 Ill. 2d 190 (1972), the supreme court rejected the argument that the defendant had to be informed of his right to a jury trial.  There, the State sought to commit the defendant as a sexually dangerous person.  Noting that the proceeding was a special statutory one, the court held that the constitutional right to a jury trial did not apply.  
Studdard
, 51 Ill. 2d at 196.  Moreover, because the proceeding was civil, the full range of due process safeguards provided in criminal proceedings did not apply and the defendant was required "to assert the right by demand as in a civil case."  
Studdard
, 51 Ill. 2d at 197.  Later, the appellate court applied 
Studdard's
 rationale to involuntary commitment proceedings.  
People v. Bradley
, 22 Ill. App. 3d 1076, 1086 (1974); 
People v. Gerich
, 22 Ill. App. 3d 575, 580 (1974).

Respondent contends that the aforementioned cases should receive less deference as precedents because the statute has since been amended.  The first sentence of the former statute provided, "The patient, his spouse, any relative or friend, or an attorney appearing for any of them, may demand that the question of need for mental treatment *** be heard by jury."  Ill. Rev. Stat. 1971, ch. 91½, par. 9--2.  In his reply brief, respondent concedes that some type of formal demand is still required to invoke the right to a jury trial.  Although his rationale is not entirely clear, he apparently contends that the use of the word "entitled" in the amended statute somehow imposes a requirement that a respondent specifically be informed of his right to a jury trial and that the decision to waive a jury must come from the respondent himself.

Aside from the sheer futility of asking a respondent described by his doctor as "mute" and "catatonic," and who refused on three occasions to speak to an attorney appointed to represent him, whether he wants a jury trial, there is no legal support for such a requirement.  In 
In re M.A.
, 293 Ill. App. 3d 995 (1997), and 
In re Dryjanski
, 282 Ill. App. 3d 161 (1996), on which respondent primarily relies, the respondents orally demanded jury trials.  The issue in those cases was whether the form and timing of the demands were sufficient.  
M.A.
, 293 Ill. App. 3d at 999-1000; 
Dryjanski
, 282 Ill. App. 3d at 164-65.

Those cases reiterate the requirement that the respondent make a formal demand.  Nothing in those cases supports the contention that a respondent must be specifically admonished of his right to a jury trial or that the decision to demand or waive a jury must come from defendant himself.  We note that in 
Dryjanski
 counsel made the request.

In 
M.A.
, the appellate court did state that the decision to waive a jury "was manifestly [respondent's] to make."  
M.A.
, 293 Ill. App. 3d at 1000.  However, that statement must be read in light of that case's unique facts.  There, when respondent's counsel stated, " 'We'll waive trial by jury,' " respondent immediately said, " 'Objection.' " 
M.A.
, 293 Ill. App. 3d at 999.  The appellate court held that the trial court and counsel were not justified in ignoring respondent's express wishes.  
M.A.
, 293 Ill. App. 3d at 1000.  We do not read that case as standing for the proposition that the decision to waive a jury must always be made by the respondent personally.

Respondent cites criminal cases holding that the decision to waive a jury trial is a fundamental one that defendant alone must make rather than a matter of trial strategy for counsel.  See, 
e.g.
, 
People v. Anderson
, 266 Ill. App. 3d 947, 956 (1994).  These cases are inapposite.  The purpose of a criminal proceeding is to punish a defendant for his or her past conduct, and it violates due process to try a defendant who is unfit to assist in his or her defense.  
People v. Straub
, 292 Ill. App. 3d 193, 197 (1997).  A criminal defendant must be able to understand the nature of the proceedings and be able to assist in his or her defense.  
People v. Griffin
, 178 Ill. 2d 65, 79 (1997).

Conversely, mental health proceedings are civil.  
Studdard
, 51 Ill. 2d at 197.  One of the critical issues in such proceedings is whether the respondent is competent to make fundamental decisions such as whether to eat, sleep, or bathe, and whether to take medication.  It makes no sense to hold that a respondent who may not be able to make these most basic decisions must inevitably be required to choose whether to have a jury trial.  The upshot of this argument is that a respondent could be held indefinitely until he had achieved a minimal level of competence to be able to make such decisions.  Long-term involuntary commitment is precisely the result respondent seeks to avoid.  We hold that in the absence of an express preference by respondent, the trial court did not err in accepting counsel's implicit jury waivers and proceeding to bench trials in these matters.

Respondent also contends that the State failed to prove in the involuntary commitment proceeding that hospitalization was the least restrictive alternative.  We disagree.

Before ordering a respondent's involuntary commitment, the trial court must determine that hospitalization is the least restrictive alternative.  405 ILCS 5/3--811 (West 1996); 
In re Robert H.
, 302 Ill. App. 3d 980, 988 (1999).  A decision to involuntarily commit a respondent should not be set aside unless the trial court's order is clearly erroneous.  
Robert H.
, 302 Ill. App. 3d at 986.

Doctor Martin testified that respondent was "extremely, extremely paranoid."  His condition was unstable.  He had to be reminded daily to eat, drink, and shower.  According to Martin, respondent's aunt and uncle would be willing to assist him. However, they were the ones who brought respondent to the hospital. They believed they could not manage him because he ran away abruptly.  Martin believed respondent ran away because of a delusion that someone was trying to kill him.  According to Martin, respondent could not go to a halfway house until he was stabilized. Moreover, he would have to be able to verbalize that he would be willing to go.

From this evidence, it is apparent that Martin and, by extension, the court considered alternative placements but none were found appropriate.  The trial court's order for involuntary hospitalization was not manifestly erroneous.

The judgments of the circuit court of Kane County are affirmed.

Affirmed.

McLAREN and COLWELL, JJ., concur.