NOTICE
Decision filed 01/31/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0282
NO. 5-05-0431

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* STEVE E., Alleged to Be a Person Subject to Involuntary Admission | ) Appeal from the Circuit Court of ) Madison County. |
| | ) |
| (The People of the State of Illinois, Petitioner-Appellee, v. Steve E., Respondent-Appellant). | ) No. 05-MH-67 |
| | ) |
| | ) Honorable Clarence W. Harrison II, |
| | ) Judge, presiding. |

------------------------------------------------------------------------------------------------------

| | |
|---|---|
| *In re* NANCY A., Alleged to Be a Person Subject to Involuntary Admission | ) Appeal from the Circuit Court of ) Madison County. |
| | ) |
| (The People of the State of Illinois, Petitioner-Appellee, v. Nancy A., Respondent-Appellant). | ) No. 05-MH-137 |
| | ) |
| | ) Honorable Clarence W. Harrison II, |
| | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

We entertain two unrelated cases involving the respondents, each of whom was the subject of a petition for involuntary admission to Alton Mental Health Center (AMHC) pursuant to the Mental Health and Developmental Disabilities Code (the Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2004)). The cases have been consolidated for disposition by this court.

## I. BACKGROUND

### A. Nancy A.

Nancy A. is 51 years old and has suffered for some years from schizophrenia accompanied by paranoia and delusions. She has been in and out of mental health facilities over the years due to her mental illness and is homeless. See *In re Nancy A.*, 342 Ill. App. 3d

1

355, 795 N.E.2d 377 (2003). On October 25, 2004, she was found to be unfit to stand trial in Madison County on five misdemeanor charges, and she was admitted to AMHC. On October 28, 2004, the charges against her were dismissed on the State's motion. However, Nancy A. was not discharged and remained in the custody of the facility for nearly nine more months because AMHC was not notified of the dismissal of the charges. On July 12, 2005, AMHC learned that the charges had been dismissed, and it filed a petition for involuntary admission based on Nancy A.'s inability, due to her psychosis, to care for her basic physical needs so as to guard herself from serious harm. See 405 ILCS 5/3-600 (West 2004).

Nancy A. moved for a declaratory judgment on July 18, 2005. She asserted that her continued detention by the Department of Human Services (the Department) after the October 28, 2004, dismissal of the criminal charges against her violated her statutory rights under the Mental Health Code. She argued that her continued detention without a hearing or any due process or determination that she met the standard for an involuntary admission impermissibly infringed upon her protected liberty interest in violation of the fourteenth amendment of the United States Constitution and the state constitution. She also filed a motion to dismiss the petition for involuntary admission on the basis of its untimely filing, asserting that it substantially impaired her right to due process and significantly diminished the legislative safeguards that were in place to protect the rights of the mentally ill.

On July 19, 2005, the court heard the respondent's motion to dismiss. The State conceded that AMHC had continued to hold Nancy A. despite the fact that the charges against her had been nol-prossed. It asserted that the court had failed to notify the facility of the dismissal of the charges despite the fact that it had submitted periodic progress reports to the court on three occasions and that the respondent's continued detention was not an abuse of process because it was the result of imperfect communication between the court and the facility. The court found that the State had failed to comply with the statutes governing

2

involuntary admissions, and the court granted the motion to dismiss. It signed the written order of dismissal and added a postscript that stated, "Respondent shall be discharged by noon on Friday 7/22/05." On July 25, 2005, Nancy A. filed a notice of appeal from that part of the order that allowed her detention after the dismissal of the petition.

### B. Steve E.

Steve E. is 27 years old, he is homeless, and he has a long history of schizoaffective disorder, bipolar type, with depression, suicidal ideation, physical aggression toward others, and alcohol and cocaine abuse. He is also mildly mentally retarded, he has been adjudicated legally incompetent, and the office of the Illinois Guardianship and Advocacy Commission is his legal guardian. Additionally, he is a convicted felon who is required to register as a sex offender. On April 6, 2004, Steve E. was admitted to AMHC as unfit to stand trial for two Champaign County misdemeanor charges. On April 4, 2005, the State's motion to dismiss the charges was granted and his bond was discharged. The State filed an emergency petition for involuntary admission on April 6, 2005, when the facility received notice that the charges against Steve E. had been dismissed. It asserted that the respondent was mentally ill, that because of that illness he was reasonably expected to inflict serious physical harm upon himself or another, and that his illness rendered him incapable of caring for his basic physical needs so as to guard himself from serious harm. On April 8, 2005, the respondent moved to dismiss the petition. He contended that it had been untimely filed and that the failure of the clerk of Champaign County to promptly inform AMHC that the charges against him had been dropped did not excuse the State from safeguarding his rights.

On April 12, 2005, the respondent's motion was heard and granted. The court found that the inadvertent failure of the Champaign County court to communicate with AMHC did not appear to have been premeditated or intentional but that no exception existed for the scenario that was presented. The court noted that the respondent had "raging mental health

3

issues" that warranted the allowance of time for his counsel to discuss his options with him and to make appropriate plans for his discharge, rather than simply releasing him abruptly. It ordered AMHC to discharge the respondent "no later than noon on April 18, 2005." The respondent filed the instant appeal on May 12, 2005. The notice of appeal stated that the appeal was taken "from the order of judgment for involuntary admission of STEVE [E.] from April 12, 2005, through April 18, 2005."

## II. CONTENTIONS ON APPEAL

On appeal, Nancy A. and Steve E. contend that the trial court lacked the authority to order them detained after the petitions for involuntary admission had been dismissed. They appeal the trial court's orders to the extent that they authorized their continued involuntary hospitalization after the dismissal of the petitions.

The State argues that the appeals must be dismissed because they are moot and "involve a unique set of facts [that is] unlikely to be repeated." It also contends that both of the respondents forfeited any claim of error because their counsel did not object to the court's order allowing their retention in custody after their motions to dismiss had been granted and because they failed to file a posttrial motion raising the issue. The State fails to argue or to cite authority for the proposition that the trial court had the authority to order the respondents' detention at AMHC after the dismissals of the petitions for involuntary admission.

## III. DISCUSSION

### A. Mootness

Although the record is silent about whether the respondents have been released from the custody of the state mental health system, this court considers their appeals because each case involves an action that is too short to be fully litigated prior to the time that it ends of its own accord and we may reasonably expect the event to be played out again against the same parties or others who are similarly situated. See *In re Barbara H.*, 183 Ill. 2d 482, 491, 702

4

N.E.2d 555, 559 (1998).  The fact that essentially the same scenario was presented in the Madison County court in April 2005 and July 2005 belies the State's assertion that these appeals are moot because they involve a unique set of facts that is unlikely to be repeated.

Moreover, contrary to the State's contentions, both of the respondents have previously been the recipients of Department intervention.  Nancy A.'s docketing statement and her opening brief in this court cited to *In re Nancy A.*, 342 Ill. App. 3d 355, 795 N.E.2d 377 (2003).  This published disposition indicated that Nancy A. had been admitted to AMHC five times prior to the April 2002 petition for involuntary admission that gave rise to that appeal.  The transcript of her July 19, 2005, hearing revealed that her attorney told the court that he had personally represented the respondent in the past and that she had chosen not to attend hearings on commitment petitions.  The common law record in Steve E.'s case stated that he had previously been a patient at Gateway Regional Medical Center and that the office of the Illinois Guardianship and Advocacy Commission had been appointed as his guardian.  Given the other information in the record, that guardianship was a fairly good indicator that the respondent had previously been an inpatient in the mental health system.  Both of the respondents have run afoul of the law prior to the instant cases.  The alternative-disposition reports in the record indicated that Nancy A. had a history of misdemeanor charges and that Steve E. had a history of felony charges and was required to register as a sex offender.  Both respondents have been found unfit to stand trial and have been institutionalized as a result of that unfitness.  Both people are, and appear likely to remain, mentally ill to the extent that there is little hope that they will recover their equilibrium and little reason to believe that they will not again break the law.  Their appeals are clearly not moot.

## B. Forfeiture of Claims of Error

The State argues that both respondents' counsel forfeited any claim of error because no contemporaneous objection was raised to the trial court's order and no posttrial pleading

preserved the alleged error for appeal. It cites various criminal cases in support of its contention.

Involuntary admission proceedings that are conducted pursuant to the Mental Health Code are civil matters, not criminal, and they are subject to the Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2004)). 405 ILCS 5/6-100 (West 2004); *In re Nancy A.*, 344 Ill. App. 3d 540, 553, 801 N.E.2d 565, 578 (2003). Where the Civil Practice Law is inconsistent with the Mental Health Code, the latter takes precedence. *In re Dryjanski*, 282 Ill. App. 3d 161, 164, 668 N.E.2d 616, 618 (1996). Supreme Court Rule 366(b)(3)(ii) (155 Ill. 2d R. 366(b)(3)(ii)) provides that neither the filing of nor the failure to file a postjudgment motion limits the scope of review in a nonjury civil proceeding. The State's reliance on *People v. Bull*, 185 Ill. 2d 179, 705 N.E.2d 824 (1998), and *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988), for the proposition that both a contemporaneous objection and inclusion in a posttrial motion are required to preserve an issue for appeal is thus misplaced. Counsel for the respondents properly sought the review of the trial court's orders that provided for the detention of their clients after the grant of their motions to dismiss without first filing a motion for reconsideration.

C. Propriety of Order Allowing Detention After Grant of Dismissal

The respondents assert that the court's dismissals of the petitions for involuntary admission left the court with only one option: to order that they be immediately released from custody. The State fails to argue that statutory law or case law supports the continued detention of the respondents. It does, however, assert that "[t]he objective of the circuit court, if legally flawed, was practically reasonable" because the respondents were, in fact, in need of mental health care and that the record does not show when they were actually released. It contends that they could have been released immediately, as opposed to being released at the end of three or five days, respectively.

6

The involuntary administration of state-operated mental health services implicates fundamental liberty interests (*In re Barbara H.*, 183 Ill. 2d 482, 498, 702 N.E.2d 555, 562 (1998)). The trial court lacked the authority to do anything other than discharge Steve E. and Nancy A. after it granted their motions to dismiss the involuntary admission petitions. See 405 ILCS 5/3-809 (West 2004) ("If the respondent is not found subject to involuntary admission, the court shall dismiss the petition and order the respondent discharged"). When interpreting a statute, we resort to the plain language of the Mental Health Code as the first and most reliable indication of the legislature's intent. *In re Madison H.*, 215 Ill. 2d 364, 372, 830 N.E.2d 498, 504 (2005). The Mental Health Code states that a "discharge" is "the full release of any person admitted or otherwise detained under [the Mental Health Code] from treatment, habilitation, or care and custody." 405 ILCS 5/1-109 (West 2004). That part of the trial court's orders that allowed the respondents to be held after the dismissal of the petitions for commitment was erroneous. The fact that in at least Steve E.'s case the court intended to allow him to be safe while the facility and counsel formulated some plan for his care outside of AMHC, while indicative of the court's deep concern for the people who come before it, is of no moment. A mentally ill person may not be held against his will merely because it would improve his standard of living or because people are made uncomfortable by the presence of the mentally ill on the streets. *In re Nancy A.*, 344 Ill. App. 3d 540, 555, 801 N.E.2d 565, 579 (2003).

## IV. CONCLUSION

For the foregoing reasons, the orders of the trial court granting the respondents' motions to dismiss the petitions for involuntary admission to the Department are affirmed. That part of the trial court's orders allowing AMHC to detain the respondents past the time that it granted their motions to dismiss the petitions is reversed.

Affirmed in part and reversed in part.

7

McGLYNN and HOPKINS, JJ., concur.