# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**In re James W., 2012 IL App (5th) 100422**

---

| | |
|---|---|
| Appellate Court Caption | *In re* JAMES W., Alleged to Be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. James W., Respondent-Appellant). |
| District & No. | Fifth District <br> Docket No. 5-10-0422 |
| Filed | May 18, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondent's commitment to a mental health facility following a jury hearing on the State's petition for continued involuntary admission was reversed where the 97-day delay that occurred in accommodating respondent's request for a jury violated the Mental Health Code and resulted in prejudice to respondent, regardless of the fact that respondent agreed to the delay, since respondent could not have knowingly and voluntarily agreed to the delay under the circumstances, especially when there was no attempt to comply with the statutory provisions and there was nothing in the record indicating that a delay of 97 days was necessary. |
| Decision Under Review | Appeal from the Circuit Court of Randolph County, No. 10-MH-55; the Hon. Richard A. Brown, Judge, presiding. |
| Judgment | Reversed. |

Counsel on Appeal

Barbara A. Goeben and Veronique Baker, both of Guardianship and Advocacy Commission, of Alton, for appellant.

Randall Rodewald, State's Attorney, of Chester (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CHAPMAN delivered the judgment of the court, with opinion
Justices Welch and Spomer concurred in the judgment and opinion.

## OPINION

¶ 1     The respondent, James W., appeals an order finding him to be subject to involuntary admission. He argues that (1) the court failed to comply with the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 to 6-107 (West 2010)) by delaying his hearing 97 days after he requested a jury hearing and (2) the petition for involuntary admission did not comply with the statutory requirement that it list family members or friends of the respondent. We reverse.

¶ 2     The respondent has a long history of mental illness. He has been admitted to mental health facilities numerous times beginning in 1986. He has been continuously admitted at Chester Mental Health Center (Chester) since December 2003, when he was transferred there from the Illinois Department of Corrections.

¶ 3     On April 29, 2010, Dr. Kathryn Holt, a psychologist at Chester, filed a petition for continued involuntary admission. The petition alleged that the respondent suffered from schizophrenia, paranoid type, and antisocial personality disorder. The petition further alleged that the respondent lacks awareness of his mental illness and that he has acted aggressively due to his illness.

¶ 4     On May 5, 2010, the matter was called for a hearing. The respondent requested an independent examination. The court granted his request and continued the hearing to allow the examination to take place. The hearing was reset for May 19.

¶ 5     At the May 19 setting, the respondent's attorney informed the court that the respondent wanted to demand a hearing before a jury. The court asked the respondent if he wanted a jury, to which he replied, "Yes, sir." The court then stated: "Well, I can tell you that we don't have any other juries *** for mental health until August. Do you understand that?" The respondent replied, "Yeah, I'll wait." The court asked if he understood that this meant he would remain at Chester until August. The respondent indicated that he understood, and then he stated, "I ain't going nowhere noway."

¶ 6       The matter was reset for a jury hearing on August 23, 2010. This was 97 days after the respondent requested a jury hearing and 116 days after the petition was filed. The jury found the respondent to be subject to involuntary admission. The court entered an order admitting the respondent to Chester for 180 days beginning on August 23, 2010. This appeal followed.

¶ 7       We note at the outset that this appeal involves questions that are moot. The order admitting the respondent to Chester expired in February 2011. Thus, our decision cannot effectively give him relief from that order. Appeals courts do not generally have jurisdiction over questions that are moot because considering such questions amounts to rendering an advisory opinion. See *In re Mark W.*, 348 Ill. App. 3d 1065, 1069, 811 N.E.2d 767, 770 (2004) (citing *In re Mary Ann P.*, 202 Ill. 2d 393, 401, 781 N.E.2d 237, 242 (2002)). However, both parties argue that this appeal falls within recognized exceptions to the mootness doctrine, and we agree.

¶ 8       Under the public-interest exception, we may address an issue that is moot where (1) the issue is a matter of public concern, (2) an authoritative determination is needed to guide public officials and the courts, and (3) the issue is likely to recur in other cases. *In re Alfred H.H.*, 233 Ill. 2d 345, 355, 910 N.E.2d 74, 80 (2009). Both this court and our supreme court have found questions related to the procedures to be followed in mental health cases to be matters of great public concern. *In re Mary Ann P.*, 202 Ill. 2d at 402, 781 N.E.2d at 243; *In re Evelyn S.*, 337 Ill. App. 3d 1096, 1102, 788 N.E.2d 310, 315 (2003). We have found only one Illinois case addressing the precise question raised in this appeal, and that discussion came in *dicta*. Thus, an authoritative determination is likely to be helpful. Finally, we agree with the parties that the question is likely to recur. Therefore, we may consider this appeal under the public-interest exception to the mootness doctrine.

¶ 9       The respondent first argues that the court failed to comply with the Mental Health Code's requirement of a timely hearing. Section 3-611 of the Mental Health Code provides that a hearing must be held within five days after a petition for involuntary commitment is filed, excluding Saturdays, Sundays, and holidays. 405 ILCS 5/3-611 (West 2010). Section 3-800(b) expressly allows continuances; however, continuances requested by the State or allowed *sua sponte* by the court are limited to 15 days. 405 ILCS 5/3-800(b) (West 2010). Both statutes use the word "shall"; thus, these time limits are mandatory. See *In re T.S.*, 402 Ill. App. 3d 1159, 1171-72, 932 N.E.2d 1103, 1113 (2010) (the word "shall" in a statute indicates a " 'legislative intent to impose a mandatory obligation' " (quoting *People v. O'Brien*, 197 Ill. 2d 88, 93, 754 N.E.2d 327, 330 (2001))). Moreover, because the provisions of the Mental Health Code are designed to protect important liberty interests, they are to be strictly construed. *In re Hannah E.*, 376 Ill. App. 3d 648, 654, 877 N.E.2d 63, 70 (2007).

¶ 10      Here, as previously discussed, the hearing was continued for 97 days after the respondent requested a jury. The respondent argues that his request for a jury cannot be deemed to be a request for a continuance because he has a right to request a jury. See 405 ILCS 5/3-802 (West 2010) (providing that a respondent "is *entitled* to a jury on the question of whether he is subject to involuntary admission" (emphasis added)). The State, however, contends that the jury request was not timely. More precisely, the State contends that a respondent in a mental health case "*should* make his jury request no later than his first appearance." (Emphasis added.) Because the respondent did not request a jury at his first court appearance,

the State argues that he was not entitled to a jury and therefore was not "prejudiced by the delay in providing him with the jury to which he was not entitled." We agree with the respondent.

¶ 11 The relevant statutory provision does not expressly address the timeliness of a jury request in a mental health proceeding, and only two prior Illinois decisions have addressed the question. The Second District addressed the timeliness of a jury request in *In re Dryjanski*, 282 Ill. App. 3d 161, 668 N.E.2d 616 (1996), and the First District considered the question in *In re M.A.*, 293 Ill. App. 3d 995, 689 N.E.2d 138 (1997). We note that neither of these courts addressed the precise issue before us. Both cases involved a trial court's refusal to grant a respondent's request for a jury. Nevertheless, we find the cases relevant to the question. Neither case supports the State's position.

¶ 12 In the *Dryjanski* case, the trial court denied the respondent's request for a jury hearing, and the respondent appealed. The State argued that the jury request did not comply with the requirements of the general provision governing jury demands in civil trials (735 ILCS 5/2-1105(a) (West 1994)). *In re Dryjanski*, 282 Ill. App. 3d at 164, 668 N.E.2d at 618. In relevant part, the State argued that the demand there was not timely because it was made orally at the outset of the respondent's hearing. *In re Dryjanski*, 282 Ill. App. 3d at 164, 668 N.E.2d at 618. In rejecting this argument, the Second District noted that the general provision governing jury demands in the Code of Civil Procedure (735 ILCS 5/2-1105 (West 1994)) is not applicable to mental health cases. That provision requires that a jury demand be filed in writing no later than the answer in other types of civil cases; however, the Mental Health Code does not require a respondent to file an answer. *In re Dryjanski*, 282 Ill. App. 3d at 164, 668 N.E.2d at 618.

¶ 13 In finding that the jury request at issue there was timely, the court first emphasized that the respondent made her request before either party began presenting opening arguments and before any witnesses had been sworn or called. *In re Dryjanski*, 282 Ill. App. 3d at 164, 668 N.E.2d at 618. The court also pointed out that the respondent made the request at her first court appearance in the matter, which was only three days after the petition for involuntary admission was filed. *In re Dryjanski*, 282 Ill. App. 3d at 164-65, 668 N.E.2d at 618. The court concluded that, under the circumstances, the respondent's request was timely and should have been granted. *In re Dryjanski*, 282 Ill. App. 3d at 165, 668 N.E.2d at 618.

¶ 14 The First District followed *In re Dryjanski* in the case of *In re M.A*. *In re M.A.*, 293 Ill. App. 3d at 1000, 689 N.E.2d at 141. In finding the respondent's request for a jury there to be timely, the First District stated only that the request was timely because it was made before either party presented opening arguments or called any witnesses. *In re M.A.*, 293 Ill. App. 3d at 999, 689 N.E.2d at 141.

¶ 15 The State does not address *In re M.A.* and attempts to distinguish *In re Dryjanski* on the basis that here, unlike there, the respondent did not request a jury at his first court appearance. Instead, he made the request after the hearing had been continued for two weeks to allow him to obtain an independent examination. We are not persuaded. As noted, the *In re M.A.* court based its decision solely on the fact that the respondent there requested a jury before opening arguments began and before witnesses were sworn. Moreover, the statute

entitling mental health respondents to a jury must be liberally construed in favor of granting jury requests. *In re M.A.*, 293 Ill. App. 3d at 999, 689 N.E.2d at 141; *In re Dryjanski*, 282 Ill. App. 3d at 163-64, 668 N.E.2d at 617-18. Thus, we find that the respondent's request for a jury was timely.

¶ 16     This does not resolve the issue before us, however. As the respondent acknowledges, failure to comply strictly with the requirements of the Mental Health Code does not always require reversal. Rather, reversal is required only where the respondent suffered prejudice as a result of the court's failure to comply strictly with the statutory requirements. See *In re Hannah E.*, 376 Ill. App. 3d at 654, 877 N.E.2d at 70; *In re Lisa G.C.*, 373 Ill. App. 3d 586, 590, 871 N.E.2d 794, 799 (2007). As we will discuss, courts have found that, under some circumstances, continuances beyond those expressly permitted under the relevant provisions of the Mental Health Code may be reasonable and not prejudicial.

¶ 17     The respondent argues that he was prejudiced by the 97-day delay because the order was entered on August 23, 2010, and did not expire until February 2011. Had the hearing been held earlier, the State would have been required to file a new petition for continued admission much earlier. In essence, this meant that he remained in Chester without a hearing for an additional period of 97 days–more than half the duration of an order authorizing continued involuntary admission. See 405 ILCS 5/3-813(b) (West 2010) (providing that such orders are limited in duration to 180 days). Although we agree, we note that this will always be true when there is a delay in mental health proceedings. As previously mentioned, prejudice is not always presumed from any failure to comply strictly with the provisions of the Mental Health Code. Here, the State argues that at least some delay was necessary to accommodate the respondent's request for a jury hearing. The respondent acknowledges this in his reply brief. He argues, however, that while some delay may have been warranted, the lengthy delay that occurred here was not justified.

¶ 18     In support of his position, the respondent points to the Third District's decision in *In re Williams*, 140 Ill. App. 3d 708, 489 N.E.2d 347 (1986). There, the trial court continued a hearing on a petition for involuntary admission for eight days on its own motion. When the hearing commenced after this continuance, the respondent requested both a jury hearing and an independent examination. *In re Williams*, 140 Ill. App. 3d at 709, 489 N.E.2d at 348. He also requested a seven-day continuance, which the court granted. After that continuance, the court denied the respondent's request for an independent examination. *In re Williams*, 140 Ill. App. 3d at 709, 489 N.E.2d at 348. Several additional delays followed. *In re Williams*, 140 Ill. App. 3d at 709, 489 N.E.2d at 348-49. By the time the matter was finally called for a jury hearing, 5½ months had elapsed since the petition for involuntary admission had been filed. *In re Williams*, 140 Ill. App. 3d at 709, 489 N.E.2d at 349.

¶ 19     The Third District reversed on the basis that the trial court denied the respondent's request for an independent examination. *In re Williams*, 140 Ill. App. 3d at 710-11, 489 N.E.2d at 349. The court went on to state:

    "We want to state clearly that we believe the lengthy delay in bringing this case to trial was a serious abuse of Williams' rights. The circuit court simply disregarded the statutory mandate that involuntary commitment proceedings involving a person's liberty

must be heard within 20 days. A special jury could have been called in order to give Williams a trial much sooner than was possible under the regular procedure. On the other hand, we are cognizant of the fact that the statutory timeline requiring a hearing (possibly before a jury) within 20 days presents serious problems for the judicial system in those counties having mental health facilities." *In re Williams*, 140 Ill. App. 3d at 712, 489 N.E.2d at 351.

¶ 20 The State correctly points out that these comments were *dicta* because the court reversed on another basis. However, we find them persuasive. We acknowledge, as did the *In re Williams* court, that the statutes as written pose practical problems for counties with mental health centers. However, we cannot eviscerate the requirements of the Mental Health Code by carving out judicial exceptions in order to accommodate the courts in those counties. That is a matter for the legislature, not the courts. See *In re Williams*, 140 Ill. App. 3d at 713, 489 N.E.2d at 351. Instead, we may affirm the court's ruling only if we find that the delay was not prejudicial to the respondent.

¶ 21 In that regard, the State argues that *In re Williams* is distinguishable for two reasons. First, the State contends, the respondent there filed motions to dismiss his case for lack of a timely hearing. See *In re Williams*, 140 Ill. App. 3d at 709, 489 N.E.2d at 348-49. Second, the State points out that the delay in that case was lengthier than the delay here and involved multiple continuances rather than one lengthy continuance, as occurred here. We are not persuaded. The statutes setting out time limits for holding hearings are applicable whether or not a respondent files a motion to dismiss or takes any other action to invoke them. Additionally, we see no meaningful distinction between multiple short continuances and a single lengthy continuance. The State is correct, however, in noting that the delay involved in the *Williams* case was significantly longer than the delay involved here. However, for the reasons that follow, we find the delay in the instant case significant enough to demonstrate prejudice to the respondent. This point is best illustrated by considering cases in which a delay was found not to be prejudicial.

¶ 22 In support of its contention that the delay did not prejudice the respondent, the State cites *In re Hannah E.* and *In re Lisa G.C. In re Hannah E.* involved an unusual set of circumstances that ultimately led to the court rendering its decision 42 days after the petition for involuntary admission was filed. *In re Hannah E.*, 376 Ill. App. 3d at 655, 877 N.E.2d at 70. There, the court granted three short continuances (a three-day continuance requested by the respondent, a seven-day continuance requested by the State, and another seven-day continuance requested by both parties). *In re Hannah E.*, 376 Ill. App. 3d at 655, 877 N.E.2d at 70-71. After these continuances, the hearing began.

¶ 23 The respondent acknowledged that when the hearing began, it was timely under the Mental Health Code. *In re Hannah E.*, 376 Ill. App. 3d at 655-56, 877 N.E.2d at 71. However, on appeal she challenged two delays that occurred after the hearing started. At the hearing, counsel for the respondent sought to cross-examine her treating psychiatrist about a proposed arrangement for alternative outpatient care that had been discussed prior to the hearing. *In re Hannah E.*, 376 Ill. App. 3d at 656, 877 N.E.2d at 71. The State objected, and the court held a conference in chambers to allow the parties to argue the admissibility of the testimony. Because the court found the issue to be complex, it continued the hearing 20

-6-

additional days to allow the parties to brief the issue and to give the State time to prepare its case after the court's ruling. *In re Hannah E.*, 376 Ill. App. 3d at 656, 877 N.E.2d at 71.

¶ 24 When the hearing resumed, 15 witnesses testified over two days. *In re Hannah E.*, 376 Ill. App. 3d at 656, 877 N.E.2d at 71. The parties finished presenting their cases at the end of the day on a Thursday. At this point, the parties had not yet made closing arguments, and the court informed them that it needed at least an hour to review the evidence. Taking into account these facts and the respondent's counsel's availability, the court continued the matter over the weekend and issued its decision on a Monday morning. *In re Hannah E.*, 376 Ill. App. 3d at 657, 877 N.E.2d at 72.

¶ 25 On appeal, the First District found these delays to be reasonable and not prejudicial under the unique circumstances presented. The court explained that the first delay allowed the respondent to present evidence which, while not typical in a mental health case, was "of vital importance" to her on the question of whether less restrictive alternatives to admission were available. *In re Hannah E.*, 376 Ill. App. 3d at 657, 877 N.E.2d at 72. The appeals court also noted that the trial court worked out a briefing schedule with the attorneys for both parties. *In re Hannah E.*, 376 Ill. App. 3d at 657, 877 N.E.2d at 72. The appeals court then explained that the short continuance to allow the trial court time to review the evidence and hear closing arguments was warranted where the trial court "noted that rushing its judgment would not benefit [the respondent] or anyone else." *In re Hannah E.*, 376 Ill. App. 3d at 657, 877 N.E.2d at 72.

¶ 26 In *In re Lisa G.C.*, the hearing was initially set one day after the petition for involuntary admission was filed. *In re Lisa G.C.*, 373 Ill. App. 3d at 592, 871 N.E.2d at 800. However, the court allowed three seven-day continuances. The second continuance was requested by the respondent; the other two were requested by the State. A total of 22 days elapsed between the filing of the petition and the hearing. *In re Lisa G.C.*, 373 Ill. App. 3d at 593, 871 N.E.2d at 801. On appeal, the Fourth District did not determine the length of delay permitted by section 3-800(b) of the Mental Health Code (405 ILCS 5/3-800(b) (West 2004) (allowing the court to grant a continuance of up to 15 days)). *In re Lisa G.C.*, 373 Ill. App. 3d at 593, 871 N.E.2d at 801. Instead, the court noted that the hearing in the case before it was held 15 days after the deadline established for an initial hearing setting under section 3-611 of the Mental Health Code (405 ILCS 5/3-611 (West 2004)) and that the second 7-day continuance was requested by the respondent herself. *In re Lisa G.C.*, 373 Ill. App. 3d at 593, 871 N.E.2d at 801. Under these circumstances, the court found that "prejudice cannot be presumed from a delay of 22 days." *In re Lisa G.C.*, 373 Ill. App. 3d at 593, 871 N.E.2d at 801.

¶ 27 Here, the delay was much longer than that involved in either *In re Lisa G.C.* or *In re Hannah E.*, and the unusual circumstances in *In re Hannah E.* were not present here. The State contends that the respondent's request for a jury here is similar to what occurred in *In re Hannah E.* As previously discussed, the *In re Hannah E.* court found that the delay was caused by the respondent's desire to present evidence, the admissibility of which involved a difficult legal question. Here, the State contends, the delay was caused by the timing of the respondent's jury request. As mentioned earlier, the respondent requested a jury at the beginning of the second hearing setting, which took place after a 14-day continuance. In order to comply strictly with the timing provisions in the Mental Health Code, the court

would have needed to call the matter for a jury hearing the following day. Thus, we agree with the State that at least some amount of delay was necessary in order to accommodate the respondent's request.

¶ 28    However, this does not mean that a delay of 97 days was warranted. This delay of more than three months was significantly longer than the delays of less than one month found not to be prejudicial in *In re Hannah E.* and *In re Lisa G.C.* Orders for continued involuntary admission are effective for up to 180 days. 405 ILCS 5/3-813(b) (West 2010). In light of the short duration of these orders, we find that the prejudice to a respondent from a 97-day delay is self-evident. Moreover, there is nothing in the record to indicate that 97 days was necessary to accommodate the respondent's request for a jury hearing. The procedures followed here would mean that any respondent requesting a jury hearing would have to wait up to three months for the next scheduled mental health jury setting, even if he requested a jury at the first opportunity. There was no attempt here to comply with the statutory provisions. We thus conclude that the 97-day delay violated important provisions of the Mental Health Code meant to protect the respondent's rights, and we find that the violation resulted in prejudice to the respondent.

¶ 29    The State argues, however, that the respondent agreed to the 97-day delay. We disagree. As previously discussed, the court offered the respondent a choice of foregoing his statutory right to ask for a jury or waiting 97 days for a hearing. As he argues on appeal, this was a "Hobson's choice" between foregoing two important rights. We cannot agree that the respondent knowingly and voluntarily agreed to a delay of 97 days under the circumstances. We find that the order admitting the respondent to Chester must be reversed.

¶ 30    The respondent also contends that the petition for involuntary admission failed to comply with a requirement that it include the names and addresses of any close relatives or known friends of the respondent. See 405 ILCS 5/3-601(b)(2) (West 2010). We note that the treatment plan attached to the petition does include the first names and phone numbers of three of the respondent's relatives (two of his sisters and his cousin). We need not resolve the parties' arguments on this issue, however, because we reverse on other grounds.

¶ 31    For the reasons stated, we reverse the order of the trial court.

¶ 32    Reversed.